UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PASCASIO, § | | |
|    Plaintiff, § | | |
| § | | Civil Action No. _____ |
| vs. § | | |
| § | | |
| EL CAMPO MEMORIAL HOSPITAL, § | | |
|    Defendant. § | | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Robert Pascasio ("Plaintiff" or "Mr. Pascasio) and complains of Defendant El Campo Memorial Hospital ("Defendant") and for his causes of action would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, back pay, front pay, actual and liquidated damages, equitable relief, statutory penalties, attorney's fees and costs, pre-judgment and post-judgment interest for Defendant's violations of the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq*., Defendant's violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1001, *et seq.*, and Defendant's breach of contractual obligations in the course of Plaintiff's employment with Defendant.

2. Plaintiff demands a jury trial on all issues that may be tried to a jury.

3. This action is authorized and instituted pursuant to the FMLA, ERISA as amended by COBRA, and state common law.

## II.
## PARTIES

4. Plaintiff, Robert Pascasio is an individual who resides in Chambers County, Texas.

5. Defendant, El Campo Memorial Hospital is a Texas non-profit corporation. It may be served with process via its registered agent, Nathan Tudor, 303 Sandy Corner Road, El Campo, Texas 77437.

## III.
## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

7. This court has personal jurisdiction over Defendant because it conducts business within the Southern District of Texas.

8. Venue of this proceeding is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

9. Jurisdiction is proper pursuant to the FMLA and ERISA, as amended by COBRA.

## IV.
## CONDITIONS PRECEDENT

10. All conditions precedent have been performed, have occurred, or have otherwise been satisfied as required by applicable law.

## V.
## FACTS

*Wrongful Termination under FMLA*

11. Mr. Pascasio is a 67-year-old male who worked as a Chief Operating Officer for Defendant. He was a conscientious and reliable employee who performed his duties in a professional manner.

12. Mr. Pascasio began working for Defendant on or around December 26, 2018 until he was terminated by Defendant on or around May 27, 2020.

13. In early 2020, Mr. Pascasio was suffering severe sciatica pain and impairment to his mobility. Mr. Pascasio sought medical treatment and after minimally invasive treatments were unsuccessful, Mr. Pascasio was informed that he required a back surgery called Laminectomy Revision.

14. Multiple times between February of 2020 and May of 2020, Mr. Pascasio had several conversations with Defendant's CEO Nathan Tudor ("Tudor"), multiple members of the Board of Directors, and multiple other hospital staff regarding the fact that he was in severe pain. Mr. Pascasio also had several additional conversations regarding the fact that he was going to require back surgery. Once Mr. Pascasio's back surgery was scheduled for May 29, 2020, Plaintiff informed these same persons that he would be taking time off from work for the operation.

15. After Mr. Pascasio informed his direct supervisor Tudor of the need for his surgery, Tudor began a systematic campaign seeking Plaintiff's termination. Tudor falsely accused Plaintiff of acts that would cast doubt upon Plaintiff's integrity, maintained consistent hostility towards Plaintiff, and then ultimately terminated Plaintiff without cause just two (2) days before his scheduled surgery.

16. On or around May 27, 2020, Tudor terminated Mr. Pascasio via a telephone call, effective immediately.

17. On or around May 28, 2020, Defendant's Human Resources department sent Plaintiff a letter confirming his termination and informing him that his health insurance was being terminated effective May 31, 2020. Plaintiff received this letter in the mail in early June, after his health insurance had already been terminated.

18. Defendant wrongfully terminated Plaintiff for exercising his right to take FMLA leave.

19. Plaintiff has suffered damages as a result of Defendant's discriminatory conduct, in violation of the FMLA.

***Failure to provide COBRA notices:***

20. In addition to Defendant wrongfully terminating Plaintiff in violation of the FLMA, Defendant has also violated ERISA by failing to provide notice to Plaintiff, as required under COBRA.

21. The COBRA amendments to ERISA include certain provisions relating to continuation of health coverage upon termination of employment or another, "qualifying event," as defined by the statute.

22. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide, "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

23. The Plan provides medical benefits to employees and their beneficiaries and is an employee welfare benefit plan within the meaning of 29 U.S.C. 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1) (herein the "Plan").

24. "An employer must notify the plan administrator of a qualifying event described in paragraph (1), (2), (4), or (6) of section 1163[…] within 30 days", pursuant to U.S.C. § 1166(a)(2).

25. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

26. The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 and the Appendix thereto.

27. In the event that a plan administrator fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1).

28. Defendant normally employed more than 20 employees on a typical business day during the preceding year to Mr. Pascasio's termination.

29. Defendant is the plan sponsor and administrator within the meaning of 29 U.S.C. § 1002(16).

30. Mr. Pascasio was a qualified beneficiary of the Plan through his employment with Defendant, within the meaning of 29 U.S.C § 1167(3).

31. Mr. Pascasio experienced a qualifying event on May 27, 2020, when Defendant terminated his employment. Importantly, for purposes of COBRA, Plaintiff was not terminated for gross misconduct.

32. Mr. Pascasio contacted Defendant and requested that Defendant provide the required information related to his Plan, pursuant to COBRA; however, Defendant ignored the request and never provided any form of notice.

33. Defendant also never contacted the Plan Administrator regarding the qualifying event.

34. Ultimately, Mr. Pascasio had to enroll in continued health coverage, under COBRA, through independent and alternative means.

35. Defendant has violated ERISA by failing to notify the Plan administrator, as prescribed by COBRA, of the qualifying event.

36. Defendant has violated ERISA by failing to notify Plaintiff, as prescribed by COBRA, of his right to continue his health coverage upon the occurrence of a qualifying event.

37. As a result of these violations, Defendant threatened Plaintiff's ability to maintain his health coverage, caused Plaintiff to incur medical expenses, and resulted in Plaintiff foregoing and postponing medical treatment.

*Breach of Employment Agreement*

38. In addition to Defendant's violations of the FLSA and ERISA, as amended by COBRA, Defendant has also breached its contractual obligations to Plaintiff.

39. Plaintiff and Defendant entered into an Employment Agreement effective January 1, 2019. Mr. Pascasio was engaged and served as Defendant's Chief Operating Officer. Mr.

Pascasio successfully served in this capacity until suddenly and without any notice he was terminated on or about May 27, 2020. Mr. Pascasio's termination was without cause.

40. Defendant failed to give the required thirty (30) days' notice of the termination without cause, thus breaching the Employment Agreement.

41. Further, pursuant to Section 7.3 of the Employment Agreement, Mr. Pascasio is entitled to earned unpaid compensation, reimbursement of costs and expenses, and one (1) year compensation – $200,000.00 – for being terminated without cause.

42. Because of the Defendant's breach, Mr. Pascasio is entitled to damages in the amount of at least $300,000.00.

## VI.
## CAUSES OF ACTION

**A.  Family and Medical Leave Act ("FMLA") – Discrimination, Retaliation, and Interference:**

43. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

44. Pursuant to the FMLA, 29 U.S.C. § 2612(a)(1)(D), Plaintiff was entitled to a leave of absence within the provisions of 29 U.S.C. § 2613 for a total of twelve (12) work weeks during any twelve month period because of a serious health condition that makes the employee unable to perform the function of the position of such employee.

45. Plaintiff's right to return to his employment following an FMLA leave is secured by 29 U.S.C. § 2614(a)(1)(A) [to the same position]; or (B) [to an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment].

46. Section 2614(a)(2) of the FMLA further provides that an employee taking a leave of absence under this statute shall not result in the loss of any "employment benefit accrued prior to the date on which the leave commences."

47. The FMLA creates rights under 29 U.S.C. § 2615(a)(1), that make it unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise any right provided under that title. Pursuant to § 2615 (a)(2) it is also unlawful for an employer to retaliate or discriminate against any employee who has taken FMLA leave.

48. Defendant wrongfully discharged Plaintiff in violation of the FMLA.

49. Defendant's FMLA violations were intentional and malicious, and executed without any reasonable good faith belief that its actions were lawful, thus entitling Plaintiff to liquidated damages.

50. As a direct and proximate cause of Defendant's violations of the FMLA, Plaintiff has sustained injuries and damages, including but not limited to loss of earnings and benefits and loss of career and work opportunity.

**B.  Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") - Violations of Notice requirements under 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4:**

51. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

52. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

53. Defendant is the sponsor of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

54. Plaintiff experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that he had experienced such a qualifying event.

55. Defendant failed to notify the plan administrator of the qualifying event, in violation of 29 U.S.C. § 1166 (a) and 29 C.F.R. § 2590.606-4.

56. Defendant failed to notify Plaintiff of his right to continue his health coverage, in violation of 29 U.S.C. § 1166 (a) and 29 C.F.R. § 2590.606-4.

57. These violations were material and willful.

58. Defendant knew that it did not provide proper notice, in violation of 29 U.S.C. § 1166 (a) and 29 C.F.R. § 2590.606-4, and chose to continue to violate the notice requirements, with reckless disregard of the rights of Plaintiff.

**C.    Breach of Contract:**

59. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

60. Defendant agreed to compensate Mr. Pascasio $200,000.00 under the terms of his employment agreement, for termination without cause.

61. Defendant did not compensate Mr. Pascasio the agreed upon amount for terminating his employment without cause.

62. Defendant did not comply with the provisions of the written contract it entered into with Plaintiff regarding how much Plaintiff would be compensated for termination without cause.

63. Defendant breached its written agreement with Plaintiff and Plaintiff has suffered damages as a result.

## VII.
## ATTORNEY'S FEES

64. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

65. Plaintiff also requests an award of reasonable and necessary attorneys' fees, expert

fees, and costs, which are authorized under 29 U.S.C. § 2617(a)(3), 29 U.S.C. § 1132(g)(1), and § 38.001, *et seq*. of the Texas Civil Practice & Remedies Code.

## VIII.
## JURY DEMAND

66. Plaintiff respectfully requests that this matter be tried before a jury.

## IX.
## PRAYER

WHEREFORE, Plaintiff Robert Pascasio prays that Defendant El Campo Memorial Hospital be cited to appear and answer and that after final trial hereof, this Court grant judgment in favor of Plaintiff Robert Pascasio and against Defendant El Campo Memorial Hospital as follows:

a. Declare that Defendant has violated the Family and Medical Leave Act, specifically 29 U.S.C. § 2615, by interfering with, restraining, or denying the exercise of or the attempt to exercise Plaintiff's rights under the FMLA.

b. Order Defendant to pay Plaintiff lost wages, salary, employment benefits, or other compensation denied or lost by reason of the Defendant's violation of the FMLA, in the past and future (back pay and front pay).

c. Order Defendant to reinstate Plaintiff to the same or equivalent position of employment prior to Defendant's wrongful termination of Plaintiff.

d. Order Defendant to pay Plaintiff an equal amount as liquidated damages pursuant to 29 U.S.C. § 2617 (a)(1)(A)(iii).

e. Declare that Defendant has violated ERISA, specifically 29 U.S.C. 1166(a) and 29 C.F.R. § 2590.606-4, by failing to send notices to the plan administrator and Plaintiff, as required under COBRA.

f. Order appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order requiring Defendant to send compliant notices under COBRA.

g. Order Defendant to pay Plaintiff the statutory penalty of $110.00 per day for Defendant's non-compliance with COBRA, pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1.

h.  Order Defendant to pay Plaintiff's damages as a result of Defendant breaching its contractual obligations.

i.  Order Defendants to pay Plaintiff's reasonable attorney's fees, expert fees, and costs pursuant to 29 U.S.C. § 2617(a)(3), 29 U.S.C. 1132(g)(1) and § 38.001, *et seq*. of the Texas Civil Practice & Remedies Code.

j.  Order Defendant to pay Plaintiff pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendant.

k.  Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**

By: \_\_\_/s/ Lionel Martin_____
Lionel Martin
Federal Bar No. 31342
Texas State Bar No. 24037032
Lmartin@mgmartinlaw.com

10701 Corporate Drive
Suite 350
Stafford, Texas 77477
Tel: (281) 277-3066
Fax: (281) 277-3067

**ATTORNEY-IN-CHARGE
FOR PLAINTIFF**

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal Bar No. 38613
Texas State Bar No. 24039035
Mmartin@mgmartinlaw.com

10701 Corporate Drive
Suite 350
Stafford, Texas 77477
Tel:  (281) 277-3066
Fax: (281) 277-3067