United States District Court
Southern District of Texas
**ENTERED**
August 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PASCASIO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:20-CV-03919 |
| | § | |
| EL CAMPO MEMORIAL HOSPITAL | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant El Campo Memorial Hospital's Motion to Dismiss for *forum non conveniens*. (Dkt. 13). After careful consideration of the pleadings and the applicable case law, the Motion to Dismiss is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff Robert Pascasio was employed as a Chief Operating Officer for Defendant El Campo Memorial Hospital ("El Campo") from 2018 until he was terminated in May of 2020. (Dkt. 1 at paras. 11–12). As a result of severe sciatica pain, Pascasio required back surgery and informed El Campo CEO Nathan Tudor and several other coworkers that he would need to take time off to recover from his procedure. (Dkt. 1 at para. 14).

Pascasio alleges that after he informed Tudor of his medical needs, Tudor "began a systematic campaign seeking [his] termination" by accusing Pascasio of acting unscrupulously, acting hostile towards Pascasio, and eventually terminating Pascasio without cause two days before his scheduled surgery. (Dkt. 1 at para. 15). Pascasio claims

that his termination was a violation of the Family and Medical Leave Act ("FMLA"). (Dkt. 1 at paras. 18–19).

Pascasio claims that in terminating him, El Campo also violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") by failing to provide him with the required notice after his termination even after Pascasio requested the information. (Dkt. 1 at pp. 4–6).

Finally, Pascasio claims that El Campo breached the Employment Agreement that the parties entered into by failing to give Pascasio thirty days' notice of his termination. Under the terms of the Employment Agreement, Pascasio seeks earned unpaid compensation, reimbursement of costs and expenses, and one year of compensation for being terminated without cause. (Dkt. 1 at para. 40). The forum-selection clause states, in relevant part, that "[v]enue of any action concerning [the Employment Agreement] shall be in Wharton County." (Dkt. 13 at Ex. 1).

After Pascasio filed suit in the Southern District of Texas, El Campo filed this motion to dismiss on the grounds of *forum non conveniens* based on the forum-selection clause in the Employment Agreement. (Dkt. 13). Although Pascasio does not dispute the validity of the forum-selection clause, he claims that the scope of the clause does not encompass his claims under the FMLA or COBRA and that El Campo cannot demonstrate that the relevant private and public factors favor dismissal for *forum non conveniens*. (Dkt. 17 at p. 3). The Court disagrees.

## II. LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). The doctrine of forum non conveniens allows a district court to decline to exercise jurisdiction "if the moving party establishes that the convenience of the parties and the court and the interests of justice indicate that the case should be tried in another forum." *Karim v. Finch Shipping Co.*, 265 F.3d 258, 268 (5th Cir. 2001).

In the absence of a forum-selection clause, a district court considering a *forum non conveniens* motion must evaluate the convenience of the parties (or private interest factors) as well as various public interest considerations. *Atl. Marine Const. Co.*, 571 U.S. at 62. A valid forum-selection clause changes the analysis; by contracting for a specific forum, the plaintiff has effectively exercised its venue privilege before a dispute arises. Accordingly, a court should only consider arguments about the public interest factors and must deem the private-interest factors to weigh entirely in favor of the preselected forum. *Id.* at 63–64. The plaintiff bears the burden of demonstrating that transfer to the forum for which the parties bargained is unwarranted. *Id.* at 63.

In deciding whether to dismiss a case for *forum non conveniens*, district courts must determine whether the forum-selection clause is mandatory, enforceable, and whether the claims at issue fall within the scope of the clause. *See Wellogix, Inc. v. SAP America, Inc.*, 58 F. Supp. 3d 766 (S.D. Tex. 2014). Next, the court balances the public interest factors to determine whether to dismiss for *forum non conveniens. See id.*

### III. ANALYSIS

### a. The forum-selection clause applies to the federal claims as well as the breach of contract claims.

The forum-selection clause in the Employment Agreement states that "[v]enue of any action concerning this Agreement shall be in Wharton County." (Dkt. 17 at p. 4). The parties in this case do not dispute that the forum-selection clause is valid, mandatory, and enforceable for the breach of contract claims. However, Pascasio argues that the clause is narrowly tailored and only applies to disputes about the interpretation and enforcement of the Employment Agreement and that consequently, the clause does not apply to his claims under the FMLA or COBRA. (Dkt. 17 at pp. 3–4).

Pascasio's claims under the FMLA and COBRA are within the scope of the forum-selection clause because they arise out of the relationship created by the Employment Agreement. Courts look to the language of the forum selection clause to determine its scope. "The scope of a forum selection clause is not limited solely to claims for breach of the contract that created it." *JetPay Merch. Servs., LLC v. Merrick Bank Corp.,* No. 13-CV-3101, 2014 WL 798373, at *2 (N.D. Tex. Feb. 28, 2014). "A clause governing claims 'related to' or 'concerning' the parties' agreement applies to a broader range of claims than a clause governing claims 'arising under' the agreement." *Schering Corp. v. First Databant, Inc.*, 479 F. Supp. 2d 468, 470–71 (D. N.J. 2007) (citing *John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1075 (3rd Cir 1997)). Courts within the Fifth Circuit have held that-forum selection clauses that use the "related to" language apply to any dispute that has "some logical or causal connection" to the agreement. *WorldVentures*

*Holdings, LLC v. Mavie*, 4:18-cv-393, 2018 WL 6523306, at *7 (E.D. Tex. Dec. 12, 2018). Forum-selection clauses that use the "concerning" language are similarly broad. *See Schering Corp.*, 479 F. Supp. 2d at 470–71.

Accordingly, Pascasio's FMLA and COBRA claims are covered by the forum-selection clause because they are logically connected to the Employment Agreement and arise out of the relationship created by the parties agreement. *See Russell v. BSN Medical, Inc.*, SA-09-CA-314-FB, 2009 EL 10669157, at *4 (W.D. Tex. July 10, 2009).

### b. Pascasio cannot show that the public interest factors overwhelmingly disfavor dismissal.

In the presence of a valid, enforceable and mandatory forum-selection clause, a court conducts a modified *forum non conveniens* analysis. Because a forum-selection clause "represents the parties' agreement as to the most proper forum," the plaintiff's choice of forum "merits no weight," and a court "must deem the private-interest factors to weight entirely in favor of the preselected forum." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 64. Accordingly, a court may only consider arguments about the public-interest factors, which will rarely defeat a *forum non conveniens* motion. *Id*. As the party opposing the motion, Pascasio has the burden of showing that the public-interest factors "overwhelmingly disfavor" dismissal. *See id*. at 67.

Pascasio argues that "Wharton County would likely be unfavorable because it has less resources than the Southern District: it has only two (2) district courts which share one (1) general docket; and one (1) of those courts presides over two (2) separate counties. (Dkt. 17 at p. 10). The Court finds that this information about the number of courts in

Wharton County, without more, is insufficient to show that the public interest factors overwhelmingly favor dismissal.

### IV.   CONCLUSION

For the reasons stated above, El Campo's Motion to Dismiss for *Forum Non Conveniens* is granted and the case is **DISMISSED without prejudice** to being refiled in state court in Wharton County.

SIGNED at Houston, Texas, this 24th day of August, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE